1    **LEWIS BRISBOIS BISGAARD & SMITH** LLP
Julian J. Pardini, Esq. SBN 133878
2        Email:  pardini@lbbslaw.com
Stephen J. Liberatore, Esq. SBN 129772
3        Email:  liberatore@lbbslaw.com
One Sansome Street, Suite 1400
4    San Francisco, CA  94104
Tel:  415.362.2580
5    Fax:  415.434.0882

6    Attorneys for Defendant
NEW HAMPSHIRE INSURANCE COMPANY

7

8                UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11    RIVERBANK HOLDING COMPANY, LLC,      Case No. 2:11-CV-02681 WBS-GGH

12          Plaintiff,        **STIPULATION FOR PROTECTIVE ORDER AND ORDER**

13        v.

14    NEW HAMPSHIRE INSURANCE COMPANY    **Trial Date:     January 29, 2013**
   and DOES 1 through 10, inclusive,
15

16          Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS

1

## I.   STIPULATION

2       Defendant NEW HAMPSHIRE INSURANCE COMPANY and Plaintiff RIVERBANK

3   HOLDING COMPANY, LLC ("Plaintiff") are parties to the above-captioned action (individually

4   referred to as "party" and collectively referred to as "parties").

5       The parties hereto, having engaged in negotiations in order to serve their mutual goals of

6   preserving the confidentiality of documents to be exchanged through discovery through the least

7   restrictive means feasible, by and through their respective counsel of record, hereby stipulate to

8   entry of the following protective order.

9       DATED this  9th  day of March, 2012.

10

11   By:/s/ Stephen J. Liberatore
    Julian J. Pardini, Esq.
    Stephen J. Liberatore, Esq.

12       Lewis Brisbois Bisgaard & Smith LLP
    One Sansome Street, Suite 1400

13       San Francisco, CA 94104
    pardini@lbbslaw.com

14       liberatore@lbbslaw.com
    Telephone: (415) 362-2580

15       Facsimile: (415) 434-0882
    *Attorneys for Defendant New*

16       *Hampshire Insurance Company*

By: /s/ Bradley W. Kragel
    Lawrence A. Wengel, Esq.
    Bradley W. Kragel, Esq.
    Greve Clifford Wengel & Paras
    2870 Gateway Oakls Drive, Suite 210
    Sacramento, CA 95833
    larry@gcwp.com
    Telephone: (916) 443-2011
    Facsimile: (916) 441-7457
    *Attorneys for Plaintiff Riverbank Holding*
    *Company*

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS

## II.  PROTECTIVE ORDER

WHEREAS, the parties believe that certain information, documents, electronically stored information, and tangible things of the parties and non-parties, which will be subject to discovery in this action, may be claimed to be or may contain trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, each of the parties believes that certain information, documents, electronically stored information, and tangible things produced or to be produced during discovery in this action should be kept confidential in order to protect the legitimate business interests of the parties and their customers, business partners, and other non-parties to this action;

NOW THEREFORE, in the interest of expediting discovery and permitting discovery to proceed without delay occasioned by possible disputes regarding such claims of confidentiality, the parties have agreed to provide access to and to accept such information, documents, electronically stored information, and tangible things subject to certain protective provisions set forth herein.

**IT IS HEREBY AGREED BY COUNSEL FOR THE PARTIES AND ORDERED BY THIS COURT**, that:

1.      **Definitions**

For purposes of this Protective Order, the following definitions shall apply:

(a)      "Action" means the above-captioned action entitled, which is pending in the United States District Court – Eastern District of California at Sacramento, Case No. 2:11-CV-02681 WBS-GGH.

(b)      "Party" or "Parties" are defined above and also include shareholders, consultants, advisors, and the successors and assigns of parent, subsidiary or affiliate companies.

(c)      "Discovery Material" means information, documents and electronically stored information (as defined by Fed. R. Civ. P. 34), and tangible things requested to be produced from a Party or produced by a Party in response to interrogatories, requests for documents, requests for admissions, subpoenas, court orders as well as deposition or trial testimony,

LEWIS
BRISBOIS

1    transcripts and exhibits.

2          (d)    "Disclosing Party" means any person who is requested to produce or who

3    produces Discovery Material in this Action to a Receiving Party.

4          (e)    "Receiving Party" means any person who requests or receives Discovery

5    Material in this Action from a Disclosing Party.

6          (f)    "Confidential Information" means non-public Discovery Material, including

7    the information contained therein and all copies, abstracts, summaries, notes or other derivations

8    of the Discovery Material, that the Disclosing Party reasonably believes in good faith constitutes a

9    trade secret or other confidential research, development, or commercial information within the

10   meaning of the Federal Rules of Civil Procedure.  "Confidential Information" shall not include

11   Discovery Material that:

12          (i)    was, is, or becomes public knowledge in a manner other than by

13   violation of this Protective Order;

14          (ii)    is acquired by the Receiving Party from a non-party having the right

15   to disclose, and with no restriction on the use or disclosure of, such information or material;

16          (iii)    was lawfully possessed, as demonstrated by written records, by the

17   Receiving Party prior to the entry by the Court of this Protective Order and not from another

18   person who was bound to a duty of nondisclosure (however, if obtained pursuant to some other

19   confidentiality agreement or order, the material shall continue to be subject to, and treated in

20   accordance with, that other agreement or order);

21          (iv)    was independently developed, as demonstrated by written records,

22   by the Receiving Party without reference to or reliance on the Disclosing Party's Confidential

23   Information and not from another person who was bound to a duty of nondisclosure;

24          (v)    on its face shows that it has been published to the general public; or

25          (vi)    has been submitted to any governmental entity without request for

26   confidential treatment.

27          (g)    "Vendor" means an individual, company or organization, retained by a

28   Party for this Action, to provide litigation support services, such as photocopying, videotaping,

LEWIS
BRISBOIS

4847-5366-7854.1
4
STIPULATION FOR PROTECTIVE ORDER AND ORDER
Case No. 2:11-CV-02681 WBS-GGH

1   translating, document processing, graphics, or data organization, storage and retrieval.

2           (h)    "Independent Expert/Consultant" includes any person, other than a Vendor,

3   not presently employed by any Party or its Outside Counsel, who is retained or will be retained by

4   or on behalf of a Party to advise and assist in the preparation, presentation, and/or settlement of

5   this Action.

6         **2.**      **Applicability of Protective Order**

7       This Protective Order shall apply to and govern all depositions and all information,

8   documents, electronically stored information, and tangible things produced in response to all

9   forms of discovery taken in this Action pursuant to the Federal Rules of Civil Procedure.

10         **3.**      **Identification of Documents and Tangible Things**

11       Copies of all documents and tangible things produced by any Party shall be numbered and

12   shall include a prefix which differs from any prefix used by the other Party and makes clear the

13   identity of the Disclosing Party.

14         **4.**      **Permissible Designations**

15       Any Party to this Action, and any non-party from whom discovery is sought in connection

16   with this Action and who agrees to be bound by the provisions of this Protective Order, may

17   designate as "CONFIDENTIAL" any Discovery Material containing Confidential Information.

18         **5.**      **Access to Confidential Information Designated as "CONFIDENTIAL"**

19       As specifically permitted by this Protective Order and until and unless the Court rules

20   otherwise, Confidential Information designated as "CONFIDENTIAL" shall be maintained in

21   confidence by the Receiving Party and shall not be disclosed to any person except:

22           (a)    A party's counsel, including their clerical, litigation support and paralegal

23   employees, provided that any such person is directly involved in preparation or trial of this Action.

24           (b)    Employees (present or former) of a Party whose assistance is, in the good

25   faith judgment of counsel, reasonably necessary for the purposes of this Action, provided,

26   however, that any such employee has first signed and agreed to be bound by the provisions of the

27   acknowledgment and undertaking attached as **Exhibit A.**  Counsel for the Receiving Party shall

28   maintain a copy of such acknowledgment and undertaking and shall provide it to counsel for the

1    Disclosing Party upon request.

2            (c)    Any Independent Expert/Consultant for a Party; provided, however, that

3    any such Independent Expert/Consultant has first signed an acknowledgment and undertaking in

4    the form of the attached **Exhibit B**.  Counsel for the Receiving Party shall maintain a copy of such

5    acknowledgment and undertaking and shall provide it to counsel for the Disclosing Party upon

6    request.

7            (d)    Any Vendor for each of the Parties; provided, however, that any such

8    Vendor has first signed an acknowledgment and undertaking in the form of the attached

9    **Exhibit B.**  Counsel for the Receiving Party shall maintain a copy of such acknowledgment and

10    undertaking and shall provide it to counsel for the Disclosing Party upon request.

11            (e)    Any court reporter and video recorder operator expressly retained by any

12    Party to transcribe or record a deposition in this Action.

13            (f)    The Court and its officers, court stenographers and outside copy services

14    whose function requires them to have access to material designated as "CONFIDENTIAL."

15            (g)    With respect to the Chartis Insurers, their reinsurers, regulators, auditors,

16    and claims handlers, including Chartis Claims, Inc.

17        **6.    Non-Party Witnesses**

18        Any non-party witness (also including any former director, officer, agent and/or employee

19    of a Disclosing Party) may be shown or examined on, at a deposition or at trial, any document

20    containing material designated "CONFIDENTIAL" if it appears from the face of the document

21    that the witness authored or previously received a copy of it, or if specific documentary or

22    testimonial evidence establishes that the document itself or its content was communicated to or

23    received by the witness, or if the Disclosing Party so agrees. At the conclusion of the examination,

24    no witness may retain copies of Confidential Information received at deposition or trial.

25        **7.    Inspection of Confidential Information**

26        In the event the Disclosing Party elects to produce documents or other material for

27    inspection, the Disclosing Party can choose not to make markings in advance of the inspection.

28    During the inspection, all such documents or other materials shall be treated by the Receiving

LEWIS
BRISBOI
S

4847-5366-7854.1

6

STIPULATION FOR PROTECTIVE ORDER AND ORDER
Case No. 2:11-CV-02681 WBS-GGH

1  Party as if they are marked "CONFIDENTIAL."  After selection by the inspecting party of

2  specified documents or materials for copying, the Disclosing Party shall make the appropriate

3  copies, and the appropriate confidentiality designations shall be placed on the specified documents

4  or materials prior to providing the copies to the inspecting party.  In the alternative, the Disclosing

5  Party can choose to identify, through a means agreed on in writing by the parties, which of the

6  documents should be treated as "CONFIDENTIAL" at the time of the inspection.  The Receiving

7  Party shall then make appropriate copies, and shall place designations on the specified documents

8  or materials.

9        **8.       Application of Designations to Documents**

10             In the case of documents containing Confidential Information, the designation

11  "CONFIDENTIAL" shall be marked on each page of the documents at the time such documents

12  are produced (or shall be identified by another means agreed to in writing by the parties), or as

13  soon thereafter as the Disclosing Party becomes aware of the confidential nature of the

14  information or material disclosed and sought to be protected hereunder.  All documents produced

15  from hard copy shall be marked in accordance with this Paragraph, even if produced in the form of

16  electronic images

17       **9.       Application of Designations to Encoded Media.**

18             In the case of documents produced on magnetic, optical or other encoded media (except for

19  images of hard copy documents), the Disclosing Party shall apply the designation

20  "CONFIDENTIAL" as appropriate, on the outside of the storage medium (*e.g.*, the magnetic disk

21  enclosure or CD-ROM).  Discovery Material designated as "CONFIDENTIAL" shall not be

22  produced on the same physical media as any other material not bearing the same designation.  A

23  Receiving Party desiring to make an electronic copy of such media or portions thereof shall – if

24  permitted to make such copies under the terms of this Protective Order – affix the same

25  designation on the copy as exists on the original, produced medium.  A Receiving Party desiring

26  to make a hard copy of all or a portion of the contents of information or documents stored

27  electronically – if permitted to make such copies under the terms of this Protective Order – shall

28  place on each page of such hard copy the same designation as is applicable to the electronically

LEWIS
BRISBOIS

1  stored copy.

2  **10.  Application of Designations to Testimony**

3  Testimony given at a deposition or hearing and the resulting transcript (including exhibits)

4  may be designated as "CONFIDENTIAL" by an appropriate statement at the time of the giving of

5  such testimony.  When such a statement is made, all Parties shall maintain the deposition or

6  hearing transcript and information contained therein as so designated up until fourteen (14)

7  calendar days after receipt of the court reporter's final version of the transcript.  During that

8  period, the Party desiring to maintain confidentiality more than fourteen (14) calendar days after a

9  Receiving Party's receipt of a copy of the transcript must designate in writing those portions of the

10  transcript regarded as "CONFIDENTIAL."  Only those portions designated in writing will

11  thereafter be handled and marked in accordance with the provisions of this Protective Order.

12  Designation in writing may be made by instructing the court reporter to so mark the copy of the

13  transcript either during the deposition or during the fourteen-day period after receipt of the

14  transcript.  For convenience, the Parties may agree to designate the entire transcript of a deposition

15  as confidential.

16  **11.  Inadvertent Failure to Apply Designation**

17  Discovery Material produced without the designation of "CONFIDENTIAL" may be so

18  designated subsequent to production or testimony when the Disclosing Party failed to make such

19  designation at the time of production or during the testimony through inadvertence or error.  If

20  Discovery Material is designated subsequent to production or testimony, the Receiving Party shall

21  make a good faith effort to promptly collect any copies that have been provided to individuals

22  other than those authorized in Paragraph 5 of this Protective Order and shall destroy or return them

23  to the Disclosing Party or affix appropriate designations thereto.

24  **12.  Challenges to Designation of Particular Discovery Material**

25  A Party may challenge a Disclosing Party's designation of Discovery Materials as

26  "CONFIDENTIAL" by notifying the Disclosing Party.  Upon notification, the Parties shall confer

27  in good faith as to the validity of the designation.  If agreement cannot be reached as to the

28  designation within ten (10) business days of notification, the Party objecting to the designation

1   may make an appropriate application to the Court after the ten-day period, in which the Disclosing

2   Party designating the material as "CONFIDENTIAL" shall have the burden of showing cause to

3   the Court why the specifically identified Discovery Material should be treated as

4   "CONFIDENTIAL."  Until a dispute over the asserted designation is finally resolved by the

5   Parties or the Court, all Parties and persons shall treat the Discovery Material in question as

6   "Confidential."

7        **13.      Right to Assert Other Objections**

8        This Protective Order shall not be construed as waiving any right to assert a claim of

9   privilege, lack of relevance or other grounds for not producing Discovery Material.

10       **14.      Inadvertent Production of Privileged Discovery Material.**

11       If a Party inadvertently produces a document that it later discovers to be privileged (i.e., a

12  document covered by the attorney-client privilege, work-product doctrine, common interest

13  doctrine, or other applicable privilege and/or immunity), the production of that document shall not

14  be deemed to constitute the waiver of any applicable privilege and/or immunity.  In such

15  circumstance, upon discovering that such privileged Discovery Material may have been produced,

16  the Disclosing Party must immediately notify the Receiving Party in writing of the inadvertent

17  production.  After being notified, the Receiving Party must comply with the provisions of Fed. R.

18  Civ. P. 26(b)(5)(B) with respect to the handling of such privileged Discovery Materials.

19       **15.      Limitation of Use of Discovery Material**

20       All Discovery Material exchanged between the Parties in this Action, whether designated

21  under provisions of this Protective Order or not, shall be used solely for the prosecution or defense of

22  the claims asserted in this Action and shall not be used for any business, commercial, competitive,

23  marketing, public relations, personal or other purpose.  Counsel and the Parties hereto shall take

24  reasonable steps necessary to maintain Confidential Information in confidence and prevent persons

25  from using, disclosing or recording the Confidential Information for any other purpose.

26       **16.      Handling of Confidential Information**

27       All Confidential Information shall be stored in a secure and safe area and the Receiving

28  Party shall exercise the same standard of due and proper care with respect to the storage, custody,

LEWIS
BRISBOIS

4847-5366-7854.1

9

STIPULATION FOR PROTECTIVE ORDER AND ORDER
Case No. 2:11-CV-02681 WBS-GGH

1   use and/or dissemination of such Confidential Information as is exercised by the Receiving Party

2   with respect to its own proprietary information, but no less than a reasonable standard of due and

3   proper care.  The Receiving Party shall be responsible for preventing any disclosure of such

4   Confidential Information, except in accordance with the terms of this Protective Order.

5        **17.**    **Request by Non-Parties for Confidential Information**

6       If Confidential Information in the possession, custody, or control of any Receiving Party is

7   sought by subpoena, request for production of documents, interrogatories, or any other form of

8   discovery request or compulsory process, including any form of discovery request or compulsory

9   process of any court, administrative or legislative body, or any other person or tribunal purporting

10   to have opportunity to seek such information by compulsory process or discovery request,

11   including private parties, the Receiving Party to whom the process or discovery request is directed

12   shall (i) within two (2) business days after receipt thereof, give written notice by hand, overnight

13   mail, electronic mail, or facsimile of such process or discovery request together with a copy

14   thereof, to counsel for the Disclosing Party; (ii) cooperate to the extent necessary to permit the

15   Disclosing Party to seek to quash such process or discovery request; and (iii) not make production

16   or disclosure of such Confidential Information until the Disclosing Party consents in writing to

17   production or the Receiving Party is ordered by a court of competent jurisdiction to produce or

18   disclose such Confidential Information, so long as the order is not stayed prior to the date set for

19   production or disclosure.

20        **18.**    **Presenting Confidential Information to the Court**

21       If a Party wishes to file papers with the Court that include Discovery Material designated

22   as "CONFIDENTIAL" the Party shall file such documents under seal pursuant to this Court's

23   Sealed Records Filing Instructions.

24        **19.**    **Survival of Obligations**

25       This Protective Order shall remain in full force and effect after the termination of this Action,

26   or until canceled or otherwise modified by an order of this Court.

27        **20.**    **Party's Disclosure of its Own Confidential Information**

28       Nothing in this Protective Order prevents a Party from disclosing its own documents and

LEWIS
BRISBOIS

1 information as it sees fit.  Parties may also agree among themselves in a signed writing to permit

2 access to their own documents and information notwithstanding this Protective Order.  Such

3 agreements may be submitted to the Court for entry as an order.

4    21.    **Modification of Protective Order**

5    It is the intention of the Parties that the provisions of this Protective Order shall govern

6 discovery and other pretrial proceedings in this Action.  Nonetheless, each of the Parties hereto

7 shall be entitled to seek, upon a showing of good cause, modification of this Protective Order by

8 application to the Court after first conferring in good faith about the proposed modification with

9 counsel for the other Party.  If this Action proceeds to trial, the Parties shall meet and confer on

10 the procedures necessary to protect the confidentiality of any information, documents,

11 electronically stored information, tangible things and transcripts used in Court during trial.

12    DATED this 19th day of March, 2012.

13 Court Changes: In paragraph 10, the word "hearing" is deleted.

14    In paragraph 18, the substantive standards for sealing apply as well as the
15 logistical requirements, i.e., "good cause" for sealing in non-dispositive matters; "compelling
reasons" for sealing in dispositive matters.

16    /s/ Gregory G. Hollows
17    Gregory G. Hollows
    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

//11214123v.1

**LEWIS**
**BRISBOIS**

STIPULATION FOR PROTECTIVE ORDER AND ORDER
Case No. 2:11-CV-02681 WBS-GGH

**Presented by:**

By:/s/ *Stephen J. Liberatre*
 Julian J. Pardini, Esq.
 Stephen J. Liberatore, Esq.
 Lewis Brisbois Bisgaard & Smith LLP
 One Sansome Street, Suite 1400
 San Francisco, CA 94104
  pardini@lbbslaw.com
  liberatore@lbbslaw.com
 Telephone: (415) 362-2580
 Facsimile: (415) 434-0882
 *Attorneys for Defendant New Hampshire Insurance Company*

STIPULATION FOR PROTECTIVE ORDER AND ORDER
Case No. 2:11-CV-02681 WBS-GGH

LEWIS
BRISBOIS

**EXHIBIT A**

THE HONORABLE WILLIAM B. SHUBB

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVERBANK HOLDING COMPANY, LLC, | Case No. 2:11-CV-02681 WBS-GGH |
| Plaintiff, | ACKNOWLEDGEMENT AND UNDERTAKING OF EMPLOYEE TO PROTECTIVE ORDER |
| v. | |
| NEW HAMPSHIRE INSURANCE COMPANY and DOES 1 through 10, inclusive, | **Trial Date:     January 29, 2013** |
| Defendants. | |

I, _____, holding the position of

_____ at the company _____, am involved in the

above-captioned action ("Action").  I hereby acknowledge that I am about to receive Confidential

Information, as defined in the Protective Order agreed to by the parties and so ordered by the

Court in this Action.

I certify my understanding that the Confidential Information is being provided to me

pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of

and have read and understood my obligations under that Protective Order.  I hereby agree to be

bound by the terms of the Protective Order.  I clearly understand that the Confidential Information

and my copies or notes relating thereto may only be disclosed to or discussed with those persons

permitted by the Protective Order to receive such material.

Except as otherwise permitted by the Protective Order, I will not share information that I

1  obtain under the Protective Order inside my company, and I will discuss recommendations that I
2  make based on such information, without sharing the substance of Confidential Information, only
3  with senior management making decisions about the litigation and outside counsel involved in the
4  litigation.

5      I will return all materials containing Confidential Information, copies thereof, and notes that I
6  have prepared relating thereto, to counsel for the Party by whom I am employed as required by
7  Paragraph __ of the Protective Order.

8      I hereby submit to the jurisdiction of this Court solely for the purpose of any proceedings related
9  to the performance under, compliance with, or violation of the Protective Order.

10     I make the above statements under penalty of perjury.

12  **Printed Name:**_____

13  **Company Name/Address/Phone:**

STIPULATION FOR PROTECTIVE ORDER AND ORDER
Case No. 2:11-CV-02681 WBS-GGH

LEWIS
BRISBOIS

1    **EXHIBIT B**

2                                    THE HONORABLE WILLIAM B. SHUBB

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| RIVERBANK HOLDING COMPANY, LLC, | Case No. 2:11-CV-02681 WBS-GGH |
| Plaintiff, | ACKNOWLEDGEMENT AND UNDERTAKING OF INDEPENDENT EXPERT/CONSULTANT/VENDOR TO PROTECTIVE ORDER |
| v. | |
| NEW HAMPSHIRE INSURANCE COMPANY and DOES 1 through 10, inclusive, | |
| Defendants. | **Trial Date:    January 29, 2013** |

17    I, _____, having been retained by

18 _____ in connection with the above-captioned action

19 ("Action"), hereby acknowledge that I am about to receive Confidential Information, as defined in

20 the Protective Order agreed to by the Parties and so ordered by the Court in this Action.

21        I certify my understanding that the Confidential Information is being provided to me

22 pursuant to the terms and restriction of the Protective Order, and that I have been given a copy of

23 and have read and understood my obligations under that Protective Order.  I hereby agree to be

24 bound by the terms of the Protective Order.  I clearly understand that the Confidential Information

25 and my copies or notes relating thereto may only be disclosed to or discussed with those persons

26 permitted by the Protective Order to receive such material.

27        I will return all materials containing Confidential Information, copies thereof, and notes

28 that I have prepared relating thereto, to Outside Counsel for the Party by whom or on whose

behalf I am retained as required by Paragraph __ of the Protective Order.

I hereby submit to the jurisdiction of this Court solely for the purpose of any proceedings related to the performance under, compliance with, or violation of the Protective Order.

I make the above statements under penalty of perjury.

_____

Printed Name:_____

Company Name/Address/Phone:

_____
_____
_____