1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RIVERBANK HOLDING COMPANY, LLC,

11            Plaintiff,                    No. 2:11-cv-02681-WBS-GGH

12        vs.

13   NEW HAMPSHIRE INSURANCE COMPANY,

14            Defendants.                   ORDER
     _____/

15

16            Pending before the court are plaintiff Riverbank Holding Company's

17   ("Riverbank") motion for protective order regarding the deposition of plaintiff's litigation

18   counsel, Greve, Clifford, Wengel & Paras (Dkt. 34); defendant New Hampshire Insurance

19   Company's ("NHIC") opposition to plaintiff's motion (Dkt. 35), and; plaintiff's reply to

20   defendant's opposition (Dkt.37).  At the hearing conducted on September 13, 2012, Lawrence

21   Wengel and Bradley Kragel appeared for plaintiff while Stephen Liberatore appeared for

22   defendant before the court.

23            As an initial matter, it should be noted that the parties failed to comply with Local

24   Rule 251(c) which requires them to file a joint statement of their disagreement detailing their

25   attempts to confer, specifying the precise factual dispute(s) before the court, and setting forth each

26   party's arguments.  Local Rule 251(c)(1-3).  The parties are admonished to familiarize themselves

1

1 with the Local Rules and comply therewith prior to filing anything with the court.  Because the
2 issue raised in the motion is well drawn, the court proceeds.

3          As an additional matter, the discovery deadline in this case, by which all such
4 disputes were to be resolved, was September 5, 2012.  Dkt. 12.  In order to hear and rule upon this
5 motion only, and without altering any other deadlines set by the scheduling order, the court will
6 extend the discovery date to include the date upon which this order issues.

7          Upon review of the briefs submitted and after conducting oral argument, the court
8 now issues the following order.

9 Background

10          The instant action arises from a previous lawsuit between plaintiff and its lessees,
11 for which plaintiff seeks recovery from defendant.[1]  Defendant NHIC provided insurance coverage
12 to plaintiff Riverbank in connection with real property it owned vis-a-vis an insurance policy
13 covering the period between April, 2004 and April 2009 ("the policy").  During that time
14 Riverbank held a lease arrangement for its property with two entities: Borman, Inc. ("Borman")
15 was the original lessee and Pearl on the River LLC ("Pearl") was the subsequent sublessee of the
16 same.

17          When litigation arose between the plaintiff, Pearl and Borman ("the underlying
18 litigation"), and specifically after counterclaims were filed, Riverbank requested NHIC defend it
19 pursuant to their policy.  During the course of litigation NHIC failed to provide any defense and
20 subsequently denied coverage to Riverbank on the claims it faced from Borman and Pearl.  After a
21 settlement agreement was reached in the underlying litigation, Riverbank sued NHIC for breach of
22 contract and bad faith.

23          On June 6, 2012, in an order on the parties' motions for summary judgement, the
24 District Judge held that defendant breached the insurance contract by failing to defend Riverbank

25 _____

26          [1]The alleged  facts are taken from plaintiff's complaint.  Dkt. 1A.

1  in the claim brought by Pearl against plaintiff.  Dkt. 31.  In response to the order, NHIC tendered

2  payment to plaintiff (issue date July 26, 2012) purportedly covering Riverbank's attorney fees and

3  costs incurred after the Pearl cross-complaint was first tendered to NHIC.  Dkt. 37-3.  Though the

4  parties agree that defendant had no duty to defend against the Borman cross-complaint

5  (counterclaims), plaintiff continues to seek damages in connection with that claim.  See Dkts. 31,

6  37.

7          On June 29, 2012 defendant served a subpoena and deposition notice on plaintiff's

8  counsel — Greve, Clifford, Wengel & Paras, LLP  —  seeking testimony on its representation of

9  Riverbank in the underlying litigation.  Dkt. 34-4.  Both plaintiff and counsel timely objected to

10  the subpoena and now seek a protective order precluding defendant from deposing plaintiff's

11  counsel.  Dkt. 34.

12  Discussion

13          Neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence

14  prohibit taking the deposition of an opposing party's attorney.  In fact, Rule 30(a) of the Federal

15  Rules of Civil Procedure allow a party to depose "any person" without leave of court.  And though

16  the Rule sets forth certain exceptions to this provision, none of them exempts a party's counsel

17  from being subject to deposition.  Id.  Nonetheless, because of the negative impact that deposing a

18  party's attorney can have on the litigation process, the courts have held that taking opposing

19  counsel's deposition should be allowed only in limited circumstances.  See the seminal case of

20  Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986).  Those circumstances

21  should be limited and require a showing by the party seeking the deposition that: (1) no other

22  means exist to obtain the information than to depose opposing counsel; (2) the information sought

23  is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.  Id.

24  Though not expressly adopted by the Ninth Circuit, the Shelton criteria has been widely used by

25  the district courts of this circuit and many others, and we apply it here.  See e.g., Massachusetts

26  Mutual Life Ins. Co. v. Cerf, 177 F.R.D. 472, 478 (N.D. Cal. 1998) (Shelton is generally regarded

3

1   as the leading case on attorney depositions), <u>American Cas. Co. of Reading, Pa. v. Krieger</u>, 160

2   F.R. D. 582, 588 (S.D. Cal. 1995) (requiring party to justify attorney deposition by applying the

3   <u>Shelton</u> factors), <u>Johnson v. Couturier</u>, 261 F.R.D. 188, 193 (E.D. Cal. 2009) (Hollows, MJ.) ("the

4   <u>Shelton</u> criteria will be utilized by this court"), <u>U.S. v. Phillip Morris Inc.</u>, 209 F.R.D. 13,17

5   (D.D.C. 2002) (applying <u>Shelton</u> factors where litigation counsel faced deposition and questioning

6   would expose litigation strategy), <u>Prevue Pet Products v. Avian Adventures</u>, 200 F.R.D. 413, 418

7   (N.D. Ill. 2001) (adopting <u>Shelton</u> approach to determining whether to permit the deposition of

8   opposing counsel).

9           Here, defendant claims Riverbank's counsel is "best positioned" to provide

10  information, relevant to the instant litigation, falling into three categories: (1) the circumstances

11  surrounding and leading up to the settlement with Pearl and Borman, including the damages

12  caused by defendant's failure to defend, (2) legal fees incurred by Riverbank in connection with

13  defending claims by Pearl and Borman; and (3) the tender of defense for the Pearl cross-claim

14  Riverbank made to NHIC.  Dkt. 35.

15          **The Settlement Agreement**

16          It is well-established that when an insurer breaches its duty to defend it is liable for

17  the amount of any reasonable, good faith settlement the insured reaches on the claims it is forced

18  to defend on its own.  <u>See</u> e.g., <u>Pershing Park Villas Homeowners Ass'n v. United Pacific Ins.Co.</u>,

19  219 F.3d 895, 901 (9th Cir. 2000), <u>Zurich Ins. Co. V. Killer Music, Inc.</u>, 998 F.2d 674, 679 (9th

20  Cir. 1993), <u>Tower Ins. Co. Of new York v. Capurro Enterprises Inc.</u>, 2010 WL 1109998, at *17

21  (N.D. Cal. April 2, 2012) (where an insurer wrongfully fails to defend a claim which the insured

22  then settles, a reasonable settlement made by the insured may be used as presumptive evidence of

23  the insured's liability on the underlying claim and the amount of such liability), <u>Cathay Mortuary</u>

24  <u>(Wah Sang) Inc. v. United Pacific Ins. Co.</u>, 582 F.Supp. 650, 660 (N.D. Cal. 1984) (after breach

25  of duty to defend, insurer is liable for any reasonable settlement made in good faith by the

26  insured).  The insured, seeking to recover damages against the insurer for its failure to defend,

4

1   need not prove that the settlement would have been smaller, or would not have occurred, but for

2   the insurer's wrongful failure to defend.  <u>See</u> <u>Gray v. Zurich Ins. Co.</u>, 65 Cal.2d 263, 279-80 (Cal.

3   1966).

4           It has already been established that NHIC breached its duty to defend Riverbank on

5   the Pearl cross-claim, (Dkt. 31), so the only remaining issue is whether plaintiff's settlement with

6   Pearl was reasonable.  <u>See</u> <u>Zurich Ins. Co.</u>, 998 F.2d at 679 (presumptive evidence of insured's

7   liability may be overcome by proof that the settlement amount is unreasonable).  At oral

8   argument, the parties agreed that the reasonableness of the settlement is at issue; and it is

9   *defendant* who bears the burden of proving that the settlement was not reasonable.  <u>See</u> <u>Mesa v.</u>

10  <u>Hartford Cas. Ins. Co.</u>, 2004 WL 1753413, at *7 (N.D. Cal. July 26, 2004) (citing <u>Xebec</u>

11  <u>Development Partners, Ltd. v. National Union Fire Ins. Co.</u>, 12 Cal.App.4th 501,545 (Cal.App.6

12  1993) overruled on other grounds)) (emphasis added).   But, as defendant conceded at argument,

13  plaintiff's settlement was not unreasonable at all.  In fact, it was so favorable to plaintiff that

14  defendant hopes to depose Riverbank's counsel to figure out "what was going on" during the

15  settlement negotiations.  09/13/2012 Hr'g at 10:20am.  Ultimately, defendant's position is that

16  plaintiff suffered no detriment whatsoever on account of NHIC's failure to defend.  <u>Id</u>.  Putting to

17  one side that defendant gets the law backwards on this point (as noted above), NHIC is not

18  entitled to a fishing expedition by way of counsel's deposition.  Defendant has not posited any

19  precise theory which it intends to pursue by discovery of the settlement negotiations between

20  Riverbank and Pearl.  Nor has NHIC attempted any showing of what unique and crucial

21  information would be provided by counsel's deposition on this matter.  Without such a showing,

22  the defendant is not entitled to counsel's deposition and the court will not guess at possible,

23  compelling reasons to allow one.  <u>See</u> <u>Shelton</u>, 805 F.2d at 1327 (party seeking to take the

24  deposition bears burden of proof showing the information is crucial to its case and no other means

25  exist in which to obtain it).

26  \\\\\

1        Furthermore, information concerning plaintiff's reasons for settling with Pearl can

2   be found in the deposition testimony of Kip Skidmore.  Dkt. 37-3.  As a general partner of

3   Riverbank, Mr. Skidmore explained that the decision to settle was a business move based on the

4   uncertainty of exposure Riverbank faced in this "multi-faceted" lawsuit which could potentially

5   "bury him" in legal fees and other damages.  See Dkt. 37-3.  Defendant has not addressed why this

6   information is deficient or what further information counsel for Riverbank could provide that is

7   crucial to its case.  Nor has defendant sought the depositions of other individuals involved in the

8   settlement negotiations with Riverbank, such as counsel for Pearl or Borman, who might provide

9   similar insight.  Again, the undersigned will not speculate as to potential, crucial information that

10  a deposition of counsel might uncover.  See Rojas v. Marko Zaninovich, Inc., 2011 WL 2636071,

11  at *3 (E.D. Cal. July 5, 2011) (failure to demonstrate why testimony sought was crucial to case

12  precluded attorney deposition).

13       If it is the absence of damages that defendant hopes to uncover through discovery,

14  the undersigned can see no reason why counsel's deposition is required on this issue.  Riverbank's

15  damages are best ascertained by asking Riverbank (not its counsel, and through examination of its

16  own business records.  See Johnson, 261 F.R.D. at 193 (where primary source of information is

17  documents, there is no need to depose opposing counsel).  NHIC has not indicated that there is

18  any lack of documentary or other evidence on this issue, nor does it offer any reason, let alone a

19  compelling one, as to why counsel has any special knowledge on this point.

20  **Legal Fees**

21       The general measure of damages for a breach of the duty to defend an insured are

22  the costs and attorney fees expended by the insured in defending the underlying action.  See

23  Emerald Bay Community Ass'n. v. Golden Eagle Ins. Corp., 130 Cal.App.4th 1078, 1088-89, 31

24  Cal.Rptr.3d 43(2005).  This remains true even if some of the damages recovered in the action

25  against the insured are later determined to be outside the coverage of the policy.  See Electronics

26  for Imaging v. Atlantic Mutual Ins. Co., 2007 WL 1430032, at *1 (N.D. Cal. May 14, 2007)

1  (cases considering apportionment of attorneys' fees upon the wrongful refusal of an insurer to

2  defend an action against its insured generally have held that the insurer is liable for the total

3  amount of fees *despite the fact that some of the damages against the insured were outside the*

4  *coverage of the policy*) (emphasis added).   Nevertheless, because the duty to defend extends only

5  as far as *potentially* covered claims, an insurer's liability for legal fees incurred by the insured in

6  the wake of an insurer's breach of the duty to defend extends only to those incurred in connection

7  with defending *potentially* covered claims.  See Id (citing Buss v. superior Court, 16 Cal.4th 35,

8  50 (Cal. 1997)).

9          The parties agree that NHIC has paid the legal fees Riverbank incurred after

10  tendering the defense of the Pearl cross-complaint to NHIC.  The legal fees which remain at issue

11  are those incurred by plaintiff *prior to* the Pearl defense tender and include costs it incurred

12  responding to the cross-complaint by Borman.  Defendant claims it must depose Riverbank's

13  counsel in order to parse out which fees were attributable to work on the Pearl claim as opposed to

14  those bearing on the Borman claim.  Dkt. 35.  Because the parties do not dispute that NHIC had

15  no duty to defend Riverbank against the Borman claims, NHIC maintains that it is not responsible

16  for the legal fees incurred in connection with those claims.  Plaintiff's theory for recovering the

17  Borman fees, however, goes beyond the general measure of damages from breaching a duty to

18  defend and includes legal theories arising from the terms of the insurance policy between the

19  parties.  See Dkt. 37.

20          Regardless of which legal theory might prevail, defendant has failed to show that

21  no other means exist to obtain this information, or that deposing counsel would provide crucial

22  information not already produced.  Invoices of the legal fees at issue have already been produced

23  to defendants and they include detailed descriptions of the work performed as it relates to the

24  \\\\\

25  \\\\\

26  \\\\\

1   specific claims at issue.[2]  Further, defendant's interrogatories addressed the breakdown of legal

2   fees by claim and plaintiff provided detailed answers pointing defendant to specific documents

3   containing the requested information or explaining why it did not exist.  It is hard to see what

4   more counsel for Riverbank could provide in a deposition.  That counsel *might* be able to explain,

5   in greater detail, the breakdown between work on the Borman as opposed to the Pearl claim is

6   purely speculative and counsel has provided a sworn statement that he cannot.  Dkt. 37-1.  This is

7   no reason to allow a deposition of Riverbank's counsel.  See Johnson v. Couturier, 261 F.R.D.

8   188, 193 (E.D.Cal. 2009) (Hollows, G.) (equivocal testimony by one witness and the mere

9   possibility that additional facts possessed by counsel existed is not a reason to depose counsel).

10      **Tender of Defense**

11          Defendant claims it needs Riverbank's attorney to provide information concerning

12   communications he had with NHIC regarding plaintiff's tender of defense.  Dkt. 35.  Defendant

13   fails to explain why any of this information is relevant, let alone crucial, to its defense of the

14   instant claim and the undersigned cannot discern any compelling reason to allow counsel's

15   deposition for purposes of gathering this information.  As discussed above, defendant's breach of

16   its duty to defend has already been established.  Thus, the facts and circumstances surrounding

17   tender of the defense to NHIC and its subsequent response have already been adjudicated.

18   Defendant is not allowed a second chance to litigate this issue.

19          Nevertheless, even if this information is relevant to NHIC's defense, it has been

20   provided to defendant elsewhere.  Specifically, all written communication between Riverbank's

21   counsel and defendant on the defense tender has been produced, and verbal communication

22

23      [2] Examples of such descriptions include: "Conference call with Kip Skidmore and Joe
    Barkett re Pearl response letter, analysis and recommendations and handling plan", "Continue
24   analysis of Borman lease matter and legal arguments asserted by counsel for assignees Pearl",
    and; "Review Riverbank records and remove privileged documents".  Dkt.36-15.  For those
25   descriptions which do not clearly delineate between work on the two claims, it is hard to see how
    deposing counsel on his two-year-old billing invoices would provide any more illuminating
26   information.

between the two is documented in a deposition exhibit.  Dkt. 37-1.  Further, the only individual at NHIC with whom Riverbank's counsel communicated — Mr. Russakoff — was deposed and questioned on the conversations he had with counsel.  Id.  Defendant has not shown why this information is insufficient or what else counsel for Riverbank could provide via deposition testimony that is crucial to NHIC's defense.  Accordingly, defendant has failed to demonstrate that this information is necessary or that only counsel can provide it.

Conclusion

        For the reasons discussed above,  defendant has not carried its burden in showing that circumstances warrant the taking of opposing counsel's deposition.

        ORDERED AS FOLLOWS:

1.     The discovery deadline is extended to include the date upon which this ORDER issues.

2.     Plaintiff's motion for a protective order (Dkt.34) is HEREBY GRANTED.

Dated: October 3, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/9