IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RIVERBANK HOLDING COMPANY, LLC,

    Plaintiff,                               No. 2:11-cv-02681-WBS-GGH

    vs.

NEW HAMPSHIRE INSURANCE COMPANY,

    Defendants.                          ORDER

_____/

        Pending before the court are plaintiff Riverbank Holding Company's ("Riverbank") motion for protective order regarding the deposition of plaintiff's litigation counsel, Greve, Clifford, Wengel & Paras (Dkt. 34); defendant New Hampshire Insurance Company's ("NHIC") opposition to plaintiff's motion (Dkt. 35), and; plaintiff's reply to defendant's opposition (Dkt.37). At the hearing conducted on September 13, 2012, Lawrence Wengel and Bradley Kragel appeared for plaintiff while Stephen Liberatore appeared for defendant before the court.

        As an initial matter, it should be noted that the parties failed to comply with Local Rule 251(c) which requires them to file a joint statement of their disagreement detailing their attempts to confer, specifying the precise factual dispute(s) before the court, and setting forth each party's arguments. Local Rule 251(c)(1-3). The parties are admonished to familiarize themselves

1

with the Local Rules and comply therewith prior to filing anything with the court.  Because the issue raised in the motion is well drawn, the court proceeds.

As an additional matter, the discovery deadline in this case, by which all such disputes were to be resolved, was September 5, 2012.  Dkt. 12.  In order to hear and rule upon this motion only, and without altering any other deadlines set by the scheduling order, the court will extend the discovery date to include the date upon which this order issues.

Upon review of the briefs submitted and after conducting oral argument, the court now issues the following order.

Background

The instant action arises from a previous lawsuit between plaintiff and its lessees, for which plaintiff seeks recovery from defendant.[1]  Defendant NHIC provided insurance coverage to plaintiff Riverbank in connection with real property it owned vis-a-vis an insurance policy covering the period between April, 2004 and April 2009 ("the policy").  During that time Riverbank held a lease arrangement for its property with two entities: Borman, Inc. ("Borman") was the original lessee and Pearl on the River LLC ("Pearl") was the subsequent sublessee of the same.

When litigation arose between the plaintiff, Pearl and Borman ("the underlying litigation"), and specifically after counterclaims were filed, Riverbank requested NHIC defend it pursuant to their policy.  During the course of litigation NHIC failed to provide any defense and subsequently denied coverage to Riverbank on the claims it faced from Borman and Pearl.  After a settlement agreement was reached in the underlying litigation, Riverbank sued NHIC for breach of contract and bad faith.

On June 6, 2012, in an order on the parties' motions for summary judgement, the District Judge held that defendant breached the insurance contract by failing to defend Riverbank

---

[1] The alleged facts are taken from plaintiff's complaint.  Dkt. 1A.

in the claim brought by Pearl against plaintiff.  Dkt. 31.  In response to the order, NHIC tendered payment to plaintiff (issue date July 26, 2012) purportedly covering Riverbank's attorney fees and costs incurred after the Pearl cross-complaint was first tendered to NHIC.  Dkt. 37-3.  Though the parties agree that defendant had no duty to defend against the Borman cross-complaint (counterclaims), plaintiff continues to seek damages in connection with that claim.  See Dkts. 31, 37.

On June 29, 2012 defendant served a subpoena and deposition notice on plaintiff's counsel — Greve, Clifford, Wengel & Paras, LLP —  seeking testimony on its representation of Riverbank in the underlying litigation.  Dkt. 34-4.  Both plaintiff and counsel timely objected to the subpoena and now seek a protective order precluding defendant from deposing plaintiff's counsel.  Dkt. 34.

Discussion

Neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence prohibit taking the deposition of an opposing party's attorney.  In fact, Rule 30(a) of the Federal Rules of Civil Procedure allow a party to depose "any person" without leave of court.  And though the Rule sets forth certain exceptions to this provision, none of them exempts a party's counsel from being subject to deposition.  Id.  Nonetheless, because of the negative impact that deposing a party's attorney can have on the litigation process, the courts have held that taking opposing counsel's deposition should be allowed only in limited circumstances.  See the seminal case of Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986).  Those circumstances should be limited and require a showing by the party seeking the deposition that: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.  Id.  Though not expressly adopted by the Ninth Circuit, the Shelton criteria has been widely used by the district courts of this circuit and many others, and we apply it here.  See e.g., Massachusetts Mutual Life Ins. Co. v. Cerf, 177 F.R.D. 472, 478 (N.D. Cal. 1998) (Shelton is generally regarded

as the leading case on attorney depositions), <u>American Cas. Co. of Reading, Pa. v. Krieger</u>, 160 F.R. D. 582, 588 (S.D. Cal. 1995) (requiring party to justify attorney deposition by applying the <u>Shelton</u> factors), <u>Johnson v. Couturier</u>, 261 F.R.D. 188, 193 (E.D. Cal. 2009) (Hollows, MJ.) ("the <u>Shelton</u> criteria will be utilized by this court"), <u>U.S. v. Phillip Morris Inc.</u>, 209 F.R.D. 13,17 (D.D.C. 2002) (applying <u>Shelton</u> factors where litigation counsel faced deposition and questioning would expose litigation strategy), <u>Prevue Pet Products v. Avian Adventures</u>, 200 F.R.D. 413, 418 (N.D. Ill. 2001) (adopting <u>Shelton</u> approach to determining whether to permit the deposition of opposing counsel).

Here, defendant claims Riverbank's counsel is "best positioned" to provide information, relevant to the instant litigation, falling into three categories: (1) the circumstances surrounding and leading up to the settlement with Pearl and Borman, including the damages caused by defendant's failure to defend, (2) legal fees incurred by Riverbank in connection with defending claims by Pearl and Borman; and (3) the tender of defense for the Pearl cross-claim Riverbank made to NHIC.  Dkt. 35.

**The Settlement Agreement**

It is well-established that when an insurer breaches its duty to defend it is liable for the amount of any reasonable, good faith settlement the insured reaches on the claims it is forced to defend on its own.  <u>See</u> e.g., <u>Pershing Park Villas Homeowners Ass'n v. United Pacific Ins.Co.</u>, 219 F.3d 895, 901 (9th Cir. 2000), <u>Zurich Ins. Co. V. Killer Music, Inc.</u>, 998 F.2d 674, 679 (9th Cir. 1993), <u>Tower Ins. Co. Of new York v. Capurro Enterprises Inc.</u>, 2010 WL 1109998, at *17 (N.D. Cal. April 2, 2012) (where an insurer wrongfully fails to defend a claim which the insured then settles, a reasonable settlement made by the insured may be used as presumptive evidence of the insured's liability on the underlying claim and the amount of such liability), <u>Cathay Mortuary (Wah Sang) Inc. v. United Pacific Ins. Co.</u>, 582 F.Supp. 650, 660 (N.D. Cal. 1984) (after breach of duty to defend, insurer is liable for any reasonable settlement made in good faith by the insured).  The insured, seeking to recover damages against the insurer for its failure to defend,

4

need not prove that the settlement would have been smaller, or would not have occurred, but for the insurer's wrongful failure to defend.  See Gray v. Zurich Ins. Co., 65 Cal.2d 263, 279-80 (Cal. 1966).

It has already been established that NHIC breached its duty to defend Riverbank on the Pearl cross-claim, (Dkt. 31), so the only remaining issue is whether plaintiff's settlement with Pearl was reasonable.  See Zurich Ins. Co., 998 F.2d at 679 (presumptive evidence of insured's liability may be overcome by proof that the settlement amount is unreasonable).  At oral argument, the parties agreed that the reasonableness of the settlement is at issue; and it is *defendant* who bears the burden of proving that the settlement was not reasonable.  See Mesa v. Hartford Cas. Ins. Co., 2004 WL 1753413, at *7 (N.D. Cal. July 26, 2004) (citing Xebec Development Partners, Ltd. v. National Union Fire Ins. Co., 12 Cal.App.4th 501,545 (Cal.App.6 1993) overruled on other grounds)) (emphasis added).   But, as defendant conceded at argument, plaintiff's settlement was not unreasonable at all.  In fact, it was so favorable to plaintiff that defendant hopes to depose Riverbank's counsel to figure out "what was going on" during the settlement negotiations.  09/13/2012 Hr'g at 10:20am.  Ultimately, defendant's position is that plaintiff suffered no detriment whatsoever on account of NHIC's failure to defend.  Id.  Putting to one side that defendant gets the law backwards on this point (as noted above), NHIC is not entitled to a fishing expedition by way of counsel's deposition.  Defendant has not posited any precise theory which it intends to pursue by discovery of the settlement negotiations between Riverbank and Pearl.  Nor has NHIC attempted any showing of what unique and crucial information would be provided by counsel's deposition on this matter.  Without such a showing, the defendant is not entitled to counsel's deposition and the court will not guess at possible, compelling reasons to allow one.  See Shelton, 805 F.2d at 1327 (party seeking to take the deposition bears burden of proof showing the information is crucial to its case and no other means exist in which to obtain it).

\\\\\

1       Furthermore, information concerning plaintiff's reasons for settling with Pearl can
2 be found in the deposition testimony of Kip Skidmore. Dkt. 37-3. As a general partner of
3 Riverbank, Mr. Skidmore explained that the decision to settle was a business move based on the
4 uncertainty of exposure Riverbank faced in this "multi-faceted" lawsuit which could potentially
5 "bury him" in legal fees and other damages. See Dkt. 37-3. Defendant has not addressed why this
6 information is deficient or what further information counsel for Riverbank could provide that is
7 crucial to its case. Nor has defendant sought the depositions of other individuals involved in the
8 settlement negotiations with Riverbank, such as counsel for Pearl or Borman, who might provide
9 similar insight. Again, the undersigned will not speculate as to potential, crucial information that
10 a deposition of counsel might uncover. See Rojas v. Marko Zaninovich, Inc., 2011 WL 2636071,
11 at *3 (E.D. Cal. July 5, 2011) (failure to demonstrate why testimony sought was crucial to case
12 precluded attorney deposition).

13       If it is the absence of damages that defendant hopes to uncover through discovery,
14 the undersigned can see no reason why counsel's deposition is required on this issue. Riverbank's
15 damages are best ascertained by asking Riverbank (not its counsel, and through examination of its
16 own business records. See Johnson, 261 F.R.D. at 193 (where primary source of information is
17 documents, there is no need to depose opposing counsel). NHIC has not indicated that there is
18 any lack of documentary or other evidence on this issue, nor does it offer any reason, let alone a
19 compelling one, as to why counsel has any special knowledge on this point.

20       **Legal Fees**

21       The general measure of damages for a breach of the duty to defend an insured are
22 the costs and attorney fees expended by the insured in defending the underlying action. See
23 Emerald Bay Community Ass'n. v. Golden Eagle Ins. Corp., 130 Cal.App.4th 1078, 1088-89, 31
24 Cal.Rptr.3d 43(2005). This remains true even if some of the damages recovered in the action
25 against the insured are later determined to be outside the coverage of the policy. See Electronics
26 for Imaging v. Atlantic Mutual Ins. Co., 2007 WL 1430032, at *1 (N.D. Cal. May 14, 2007)

6

(cases considering apportionment of attorneys' fees upon the wrongful refusal of an insurer to defend an action against its insured generally have held that the insurer is liable for the total amount of fees *despite the fact that some of the damages against the insured were outside the coverage of the policy*) (emphasis added).  Nevertheless, because the duty to defend extends only as far as *potentially* covered claims, an insurer's liability for legal fees incurred by the insured in the wake of an insurer's breach of the duty to defend extends only to those incurred in connection with defending *potentially* covered claims.  See Id (citing Buss v. superior Court, 16 Cal.4th 35, 50 (Cal. 1997)).

    The parties agree that NHIC has paid the legal fees Riverbank incurred after tendering the defense of the Pearl cross-complaint to NHIC.  The legal fees which remain at issue are those incurred by plaintiff *prior to* the Pearl defense tender and include costs it incurred responding to the cross-complaint by Borman.  Defendant claims it must depose Riverbank's counsel in order to parse out which fees were attributable to work on the Pearl claim as opposed to those bearing on the Borman claim. Dkt. 35.  Because the parties do not dispute that NHIC had no duty to defend Riverbank against the Borman claims, NHIC maintains that it is not responsible for the legal fees incurred in connection with those claims.  Plaintiff's theory for recovering the Borman fees, however, goes beyond the general measure of damages from breaching a duty to defend and includes legal theories arising from the terms of the insurance policy between the parties.  See Dkt. 37.

    Regardless of which legal theory might prevail, defendant has failed to show that no other means exist to obtain this information, or that deposing counsel would provide crucial information not already produced.  Invoices of the legal fees at issue have already been produced to defendants and they include detailed descriptions of the work performed as it relates to the

\\\\\

\\\\\

\\\\\

specific claims at issue.[2] Further, defendant's interrogatories addressed the breakdown of legal fees by claim and plaintiff provided detailed answers pointing defendant to specific documents containing the requested information or explaining why it did not exist. It is hard to see what more counsel for Riverbank could provide in a deposition. That counsel *might* be able to explain, in greater detail, the breakdown between work on the Borman as opposed to the Pearl claim is purely speculative and counsel has provided a sworn statement that he cannot. Dkt. 37-1. This is no reason to allow a deposition of Riverbank's counsel. See Johnson v. Couturier, 261 F.R.D. 188, 193 (E.D.Cal. 2009) (Hollows, G.) (equivocal testimony by one witness and the mere possibility that additional facts possessed by counsel existed is not a reason to depose counsel).

**Tender of Defense**

Defendant claims it needs Riverbank's attorney to provide information concerning communications he had with NHIC regarding plaintiff's tender of defense. Dkt. 35. Defendant fails to explain why any of this information is relevant, let alone crucial, to its defense of the instant claim and the undersigned cannot discern any compelling reason to allow counsel's deposition for purposes of gathering this information. As discussed above, defendant's breach of its duty to defend has already been established. Thus, the facts and circumstances surrounding tender of the defense to NHIC and its subsequent response have already been adjudicated. Defendant is not allowed a second chance to litigate this issue.

Nevertheless, even if this information is relevant to NHIC's defense, it has been provided to defendant elsewhere. Specifically, all written communication between Riverbank's counsel and defendant on the defense tender has been produced, and verbal communication

---

[2] Examples of such descriptions include: "Conference call with Kip Skidmore and Joe Barkett re Pearl response letter, analysis and recommendations and handling plan", "Continue analysis of Borman lease matter and legal arguments asserted by counsel for assignees Pearl", and; "Review Riverbank records and remove privileged documents". Dkt.36-15. For those descriptions which do not clearly delineate between work on the two claims, it is hard to see how deposing counsel on his two-year-old billing invoices would provide any more illuminating information.

between the two is documented in a deposition exhibit. Dkt. 37-1. Further, the only individual at NHIC with whom Riverbank's counsel communicated — Mr. Russakoff — was deposed and questioned on the conversations he had with counsel. Id. Defendant has not shown why this information is insufficient or what else counsel for Riverbank could provide via deposition testimony that is crucial to NHIC's defense. Accordingly, defendant has failed to demonstrate that this information is necessary or that only counsel can provide it.

Conclusion

        For the reasons discussed above, defendant has not carried its burden in showing that circumstances warrant the taking of opposing counsel's deposition.

        ORDERED AS FOLLOWS:

1. The discovery deadline is extended to include the date upon which this ORDER issues.

2. Plaintiff's motion for a protective order (Dkt.34) is HEREBY GRANTED.

Dated: October 3, 2012

        /s/ Gregory G. Hollows
        UNITED STATES MAGISTRATE JUDGE

GGH/9